Bonnist & Cutro, LLP
31 Purchase Street, Suite 3-1
Rye, New York 10580
(914) 921-4820
Attorneys for Plaintiff
Craig M. Bonnist (CB3245)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV. 6542

-------------------------------------------------------------- :

MIRIAM BAUZA,,                                                 : Case No.: 07 CIV
                                                                 BRIEANT
                    Plaintiff,                                 :

         - against -                                           : COMPLAINT

                                                               :
MEDIACOM COMMUNICATIONS CORPORATION,
                                                               : JURY TRIAL
                    Defendant.                                   DEMANDED

--------------------------------------------------------------X

Plaintiff, Miriam Bauza, through her attorneys, Bonnist & Cutro, LLP, for her complaint against defendant, states as follows:

### SUMMARY OF ACTION

Plaintiff seeks front pay, back pay, compensatory damages, compensation for mental anguish, punitive damages, reinstatement, disbursements, costs, reasonable attorneys' fees, and pre-judgment interest, in order to redress the unlawful discrimination by defendant against plaintiff because of her disability, in violation of the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, et seq., and in violation of §296 of the New York State Executive Law.

## PARTIES

1. Plaintiff, Miriam Bauza, is an individual residing in the County of Orange, State of New York, at 6 Valentine Road, Newburgh, New York 12550.

2. At all times mentioned herein, the defendant Mediacom Communications Corporation ("Mediacom") is a for profit multi-system cable television operator with offices located at 100 Crystal Run Road, Middletown, New York 10941.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and equitable relief against the defendant for violations of plaintiff's rights under the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, et seq. (the "ADA").

4. The court has jurisdiction over this lawsuit according to 28 U.S.C. §1331, because the action arises under the ADA, and this Court has pendent jurisdiction over the claims asserted under §296 New York State Executive Law (the "Executive Law").

5. Venue is proper since each claim arose within the Southern District of New York, and defendant's place of business is within the Southern District of New York.

### *Exhaustion of Administrative Remedies*

6. On January 23, 2007, plaintiff filed a formal complaint of illegal discrimination against the defendant with the Equal Employment Opportunity Commission, EEOC charge number 520-2007-01507.

7. On June 14, 2007, the EEOC dismissed the administrative complaint on the ground of administrative convenience and issued plaintiff a Notice of Right-To-Sue against

Mediacom, a copy of which is attached. Plaintiff received the notice from the EEOC within 90 days of the filing of this complaint.

## STATEMENT OF FACTS

8.    Plaintiff was employed as a Payroll Supervisor for Mediacom from October 31, 2005 until November 28, 2006.

9.    Prior to her employment with Mediacom, she was employed by the National League of Nursing for 31 years, the final 17 years of which she was employed as the Payroll Manager.

10.    In January, 2006, several months after beginning her employment with Mediacom, she had a routine mammogram. Subsequently on February 13, 2006, she had a biopsy of a suspicious lump, which confirmed the diagnosis of breast cancer.

11.    Plaintiff subsequently underwent two lumpectomy surgeries, one on April 10, 2006 and another on May 8, 2006.

12.    On June 7, 2006, she underwent a mastectomy.

13.    After the foregoing procedures, plaintiff underwent chemotherapy, which treatment she is currently still undergoing.

14.    In connection with the chemotherapy, plaintiff was required to receive the treatment once every three weeks and, accordingly, on those days she was unable to work and would therefore work longer hours the other days to make up for the time. On some occasions she would work in the morning, then undergo the treatment. In either case she returned to work the following day after treatment, notwithstanding the fact that she was often ill, including episodes of vomiting.

15. Plaintiff was fully able to perform the essential functions of her job at all times.

16. Upon information and belief, Mediacom is a self insured entity which uses a third party Administrator, Aetna Insurance Company, to administer its medical insurance policies.

17. After receiving the mastectomy on June 7, 2006, plaintiff was required to take a disability leave. However, she returned to work without accommodation on August 7, 2006 and was able to fulfill all the essential functions of her job as Payroll Supervisor.

18. During plaintiff's leave, shortly after receiving her initial disability check, it appeared that there was an overpayment and she immediately contacted an agent at Aetna regarding the apparent error. Plaintiff was informed that the payment was correct. Plaintiff insisted that the check was incorrect and that it appeared that the mistake concerned the bi-weekly payment of her annual salary which Aetna calculated incorrectly as a weekly payment. It was confirmed by Aetna two times on the same call that the check was correct.

19. After returning from disability leave, Mediacom changed the status of plaintiff's employment to Benefits Supervisor 401(k) Loans, which was not a favorable transfer and she considered it a demotion, as it limited her responsibilities.

20. On November 14, 2006, Regina Burgos (Mediacom's Senior Payroll Manager), Joe Mickulski (Mediacom's Senior Director of Corporate Finance) and Judy Mills (Mediacom's Director of Human Resources) called plaintiff into a meeting, wherein Ms. Mills explained that it was her understanding that plaintiff had received an overpayment of disability benefits.

21. Plaintiff then informed Ms. Mills that she had contacted Aetna about the apparent discrepancy because she felt the payment was incorrect. Plaintiff also explained to Ms. Mills that she had never collected disability benefits before.

22. After the meeting Mr. Mickulski remarked that he believed plaintiff's treatment by Ms. Mills was uncalled for and he told plaintiff not to worry about it. Plaintiff complained that Mediacom was accusing her of something that she would never do.

23. On November 20, 2006, plaintiff received a letter from Aetna confirming the overpayment in the approximate amount of $4,000.00. Plaintiff was offered by Aetna the option to remit the overpayment in installments; however, plaintiff returned the entire overpayment by lump sum. Subsequently, plaintiff was able to speak with "Angela" from Aetna who advised her that the overpayment was a computer error made by Aetna.

24. On November 28, 2006, plaintiff was called into work, wherein plaintiff was told by Ms. Mills that she was terminated because she failed to inform Mediacom of the overpayment of her benefits by Aetna.

25. Plaintiff then explained that she had called the insurance company to immediately inform them of the overpayment and also inquired of Ms. Mills whether Aetna had made similar errors with respect to any other employee, to which she responded that it was "none of [her] business".

26. Mediacom's proffered reason for discharging plaintiff is absolute pretext. The real reason for her discharge was that she was regarded as having an impairment that substantially limits one or more of her major life activities.

27. Further indicating the discriminatory animus behind plaintiff's termination was an incident during her employment in which Ms. Burgos exclaimed that plaintiff was abusing the company's time by going to chemotherapy.

28. Given the fact that Mediacom is self insured and that plaintiff's chemotherapy treatment was continuing at the time of her discharge, Mediacom sought to avoid the continued cost of insurance.

29. Mediacom terminated plaintiff's employment unlawfully in violation of the ADA, by discharging plaintiff because of her disability and/or because she was regarded as having a disability.

30. As a result of the foregoing, plaintiff has been damaged emotionally and financially.

31. As a direct and proximate consequence of defendant's unlawful employment practices, plaintiff has suffered a loss of income, including past and future salary and other benefits. Moreover, the foregoing circumstances of plaintiff's discharge at this stage in her career have impaired her future earning capacity, her reputation, and caused her undue stress, anxiety and emotional anguish.

## FIRST CAUSE OF ACTION

32. Plaintiff incorporates and realleges paragraphs 1 through 31 as if fully alleged herein.

33. Plaintiff, a cancer patient, belongs to a class protected under the ADA.

34. Plaintiff was disabled while employed by Mediacom.

35. Plaintiff was regarded as disabled by Mediacom while employed by Mediacom.

36. Plaintiff was qualified to perform the essential functions of her job with Mediacom at the time of her termination.

37. Mediacom is an employer within the meaning of the ADA.

38. Mediacom, its agents and employees, have intentionally discriminated against plaintiff on account of her disability and/or perceived disability in violation of the ADA by denying her equal terms and conditions of employment and by terminating her from employment.

39. As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and continues to suffer the stress, humiliation, great expense, embarrassment and damage to her reputation.

40. As a result of the foregoing unlawful discriminatory practices, plaintiff is entitled to judgment against defendant, Mediacom, as follows: back-pay, front pay, pre-judgment interest and damages for all employee benefits she would have received if not for the discriminatory practices of the defendant; compensation for mental anguish and pain and suffering to the maximum amount authorized by statute; punitive damages to the maximum amount authorized by statute; attorneys' fees and costs; and for such other and further relief as to this court deems just and proper.

## SECOND CAUSE OF ACTION

41. Plaintiff incorporates and realleges paragraphs 1 through 40 as if fully alleged herein.

42. Pursuant to Section 296 of the Executive Law, it is an unlawful discriminatory practice for an employer, because of disability or perceived disability of any individual, to discriminate against any such individual in compensation or in terms, conditions or privileges of employment.

43. Protection against disability discrimination is afforded to plaintiff under the Executive Law.

44. Defendant Mediacom is an employer within the meaning of the Executive Law.

45. Mediacom, its agents and employees, have intentionally discriminated against plaintiff on account of her disability and/or perceived disability in violation of the Executive Law by denying her equal terms and conditions of employment and by terminating her from employment.

46. As a result of the foregoing unlawful discriminatory practices, plaintiff is entitled to judgment against defendant, Mediacom, as follows: back pay, front pay, pre-judgment interest and damages for all employee benefits she would have received if not for the discriminatory practices of defendant, damages for mental anguish and pain and suffering and for such other further relief as this court deems just and appropriate.

**WHEREFORE,** plaintiff asserts her rights under U.S. Const. Amend. 7 and demands a trial by jury on all issues in accordance with Fed. R. Civ. P. 38, and prays as follows:

**A.** On her First Cause of Action, a judgment against defendant Mediacom for reinstatement of plaintiff to a position of equal duties and responsibilities as plaintiff would have received if not for the discriminatory conduct; back-pay, front pay, pre-judgment interest and damages for all employee benefits she would have received if not for the discriminatory practices of the defendant; compensation for mental anguish and pain and suffering to the maximum amount authorized by statute; punitive damages to the maximum amount authorized by statute; attorneys' fees and costs; and for such other and further relief as this court deems just and proper.

**B.** On her Second Cause of Action, a judgment against defendant Mediacom for reinstatement of plaintiff to a position of equal duties and responsibilities as plaintiff would

have received if not for the discriminatory conduct; back pay, front pay, pre-judgment interest and damages for all employee benefits she would have received if not for the discriminatory practices of defendant, compensation for mental anguish and pain and suffering and for such other further relief as this court deems just and appropriate.

Dated: Rye, New York
July 19, 2007

                    Respectfully Submitted,
                    BONNIST & CUTRO, LLP

                    By: _____
                         Craig M. Bonnist (CB3245)
                         Attorneys for Plaintiff, Miriam Bauza
                         31 Purchase Street, Suite 3-1
                         Rye, New York 10580
                         (914) 921-4820

TO: Mediacom Communications Corporation
     Attention Bruce Gluckman, Vice President, Legal Regulatory Affairs
     100 Crystal Run Road
     Middletown, New York 10941

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Miriam Bauza<br>6 Valentine Road<br>Newburgh, NY 12550 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01507 | Roxanne Zygmund, Investigator | (212) 336-3764 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
Director

June 14, 2007
(Date Mailed)

Enclosures(s)

cc: **MEDIACOM COMMUNICATIONS**
Bruce Gluckman, Vice President, Legal & Regulatory Affairs
100 Crystal Run Road
Middletown, NY 10941

**CRAIG M. BONNIST, Esq.**
31 Purchase Street, Suite 3-1
Rye, New York 10580