JACKSON LEWIS LLP
1 North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
Attorneys of Record:
Greg A. Riolo (GR 1634)
Michael A. Frankel (9712)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
**MIRIAM BAUZA,**

                **Plaintiff,**

       - against -                    CASE NO. 07 CV. 6542(CLB)

**MEDIACOM COMMUNICATIONS**
**CORPORATION,**
                **Defendants.**
---------------------------------------------------------------x

## ANSWER

Defendant, Mediacom Communications Corporation (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis LLP, for its Answer to Plaintiff's Complaint, herein states as follows:

### AS TO "SUMMARY OF ACTION"

1. Defendant denies each and every allegation of the first unnumbered paragraph, except admits Plaintiff purports to bring this action pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, et seq., and § 296 of the New York State Executive Law.

### AS TO "PARTIES"

2. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the Complaint.

3. Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

4. Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint.

5. Defendant denies each and every allegation set forth in Paragraph 4 of the Complaint, except refers all questions of law to the Court.

6. Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint, except admits Plaintiff purports venue is proper.

## AS TO THE "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

7. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Complaint, except admits a Complaint was filed.

8. Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits a Notice of Right-To-Sue was issued.

## AS TO "STATEMENT OF FACTS"

9. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint.

16. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

17. Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

18. Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint, except admits that Plaintiff was provided leave.

19. Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint.

20. Defendant denies each and every allegation set forth in Paragraph 19 of the Complaint.

21. Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

22. Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

23. Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

24. Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint, except admits that an overpayment to Plaintiff was made.

25. Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint, except admits that Plaintiff was terminated.

26. Defendant denies each and every allegation set forth in Paragraph 25 of the Complaint.

27. Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint.

28. Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

29. Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint.

30. Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint.

31. Defendant denies each and every allegation set forth in Paragraph 30 of the Complaint.

32. Defendant denies each and every allegation set forth in Paragraph 31 of the Complaint.

## AS TO A "FIRST CAUSE OF ACTION"

33. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1 through 31 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 32 of the Complaint.

34. Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint, except refers all questions of law to the Court.

35. Defendant denies each and every allegation set forth in Paragraph 34 of the Complaint, except refers all questions of law to the Court.

36. Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

37. Defendant denies each and every allegation set forth in Paragraph 36 of the Complaint.

38. Defendant admits the allegations set forth in Paragraph 37 of the Complaint.

39. Defendant denies each and every allegation set forth in Paragraph 38 of the Complaint.

40. Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

41. Defendant denies each and every allegation set forth in Paragraph 40 of the Complaint.

## AS TO A "SECOND CAUSE OF ACTION"

42. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1 through 40 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 41 of the Complaint.

43. Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

44. Defendant denies each and every allegation set forth in Paragraph 43 of the Complaint.

45. Defendant admits the allegations set forth in Paragraph 44 of the Complaint.

46. Defendant denies each and every allegation set forth in Paragraph 45 of the Complaint.

47. Defendant denies each and every allegation set forth in Paragraph 46 of the Complaint.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails, in whole or in part, to state any claim against Defendant upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

49. At all times relevant hereto, Defendant has acted in good faith and for good cause (based on reasonable factors other than alleged disability), and has not violated any rights

which may be secured to Plaintiff under federal, state, city, or local laws, rules, regulations, codes or guidelines.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

50. Plaintiff's claims for damages against Defendant are barred, in whole or in part, because she has failed to mitigate her alleged damages.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies and to satisfy certain conditions precedent and/or jurisdictional prerequisites to instituting suit against Defendant.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims alleging discrimination and/or harassment are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to otherwise avoid harm.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

53. Plaintiff never requested an accommodation to assist in performing the essential functions of her job.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

54. In the event Plaintiff establishes liability based on the conduct of an employee, agent or independent contractor, Defendant reserves its rights under the law to demonstrate all relevant factors to be considered in determination of liability and in mitigation of any damages, including, but not limited to, Defendant's implementation and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims should be dismissed because Defendant did not aid, abet, condone or acquiesce in any unlawful discriminatory acts.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims for punitive damages are barred due to Defendant's good faith efforts to comply with applicable federal, state, city and local anti-discrimination laws.

WHEREFORE, Defendant respectfully requests the Court to:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. Award Defendant its reasonable attorneys' fees and cost it incurs in defending this action; and

    d.  Grant Defendant such other and further relief as the Court deems just and proper.

Dated: September 21, 2007  
White Plains, New York

RESPECTFULLY SUBMITTED,

JACKSON LEWIS LLP  
One North Broadway  
White Plains, New York 10601

By: _____  
Greg Riolo (GR1634)  
Michael A. Frankel (9712)

ATTORNEYS FOR DEFENDANT  
MEDIACOM COMMUNICATIONS  
CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MIRIAM BAUZA,

                Plaintiff,

     - against -                               CASE NO. 07 CV. 6542

MEDIACOM COMMUNICATIONS
CORPORATION,
                Defendants.
-----------------------------------------------------------x

## CERTTIFICATE OF SERVICE

This s to certify that a true and correct copy of Mediacom Communications' Answer to Plaintiff's Complaint has been served via regular US mail on September 21, 2007 on counsel for Plaintiff at the address set forth below:

        Craig M. Bonnist, Esq.
        Bonnist & Cutro, LLP
      31 Purchase Street, Suite 3-1
        Rye, New York 10580

                                  _____
                                  Greg Riolo (GR1634)