UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York   10601
(914) 328-0404
Counsel for Defendant:
    Greg A. Riolo (GR 1634)
    Michael A. Frankel (MF 9712)

------------------------------------------------------------x

MIRIAM BAUZA,

                                        Plaintiff,

                -against-

MEDIACOM COMMUNICATIONS
CORPORATION,

                                        Defendant.

------------------------------------------------------------x

07 Civ. 6542 (CLB)

DEFENDANT'S LOCAL RULE
56.1 STATEMENT OF
UNDISPUTED FACTS

## I. BACKGROUND.[1]

1. Mediacom Communications Corporation is a publicly traded cable television company serving more than 1,500 communities across the nation. (Riolo Aff. Ex. F, at pp. 1-3).[2]

## II. PLAINTIFF'S EMPLOYMENT WITH MEDIACOM.

2. On October 31, 2005, Plaintiff commenced her employment with Mediacom as a payroll supervisor. (Riolo Aff. Ex. C).[3]

---

[1] References to the relevant transcript pages of Plaintiff's deposition are abbreviated herein as "Pl. Dep. __." References to the relevant transcript pages of the other individuals deposed during the course of discovery are abbreviated using the surname of the deponent. Copies of all pages of transcript and exhibits cited herein and in Defendant's Memorandum of Law are attached to the Riolo Affirmation ("Riolo Aff.").

[2] A true and correct copy of the relevant pages of Mediacom's Employee Handbook, identified as Exhibit F in Plaintiff's deposition, is attached to the Riolo Aff. as Exhibit F.

[3] A true and correct copy of Plaintiff's Employment Application, identified as Exhibit E in Plaintiff's deposition, is attached to the Riolo Aff. as Exhibit C.

3.  After Plaintiff commenced employment with Defendant, she attended a mandatory employee orientation where she received a copy of Mediacom's Antidiscrimination and Sexual Harassment Policy and Mediacom's Employee Handbook. (Riolo Aff. Ex. E).[4]

4.  As clearly stated in its antidiscrimination policy, Mediacom is an equal opportunity employer that does not discriminate in hiring, promotion, or other employment decisions on the basis of race, sex, religion, national origin age, or *non-job related disability*. (Riolo Aff. Ex. E).

### III. PLAINTIFF'S CANCER DIAGNOSIS AND TREATMENT.

5.  In 1995, prior to her employment with Mediacom, Plaintiff was diagnosed with breast cancer. (Pl. Dep. 21).

6.  Plaintiff underwent treatment for breast cancer which resulted in a mastectomy of her left breast. (Pl. Dep. 21).

7.  In or about February 2006, while employed at Mediacom, Plaintiff was rediagnosed with breast cancer. (Pl. Dep. 22).

8.  On April 10, 2006, Plaintiff underwent a lumpectomy to treat the recurring cancer and was absent for three days. (Pl. Dep. 99-101).

9.  In May, 2006 Plaintiff underwent a second lumpectomy and took three (3) days of leave to recuperate from the procedure. (Pl. Dep. 99-101).

10. Plaintiff received full pay for the work days she missed for the treatment of her breast cancer. (Pl. Dep. 101).

---

[4] A true and correct copy of Mediacom's Anti Discrimination and Sexual Harassment Policy, identified as Exhibit H in Plaintiff's deposition, is attached to the Riolo Aff. as Exhibit E.

IV. **DEFENDANT GRANTED PLAINTIFF'S REQUEST FOR SHORT TERM DISABILITY LEAVE AND BENEFITS.**

11. On June 7, 2006, Plaintiff filed for disability leave to undergo a mastectomy and recover from the necessary cancer treatment. (Pl. Dep. 99, 106).

12. On June 7, 2006, Plaintiff filed a claim[5] for short term disability (hereinafter "STD") benefits pursuant to the STD policy as outlined in Mediacom's Employee Handbook. (Pl. Dep. 107; Riolo Aff. Ex. F, at pp. 85-87).

13. Mediacom is a self-insured entity and utilizes the services of an outside corporation, Aetna, to administer and process Defendant's STD plan. (Burgos Dep. 19).

14. Aetna was responsible for issuing benefit checks to employees receiving STD payments. (Burgos Dep. 19).

15. Mediacom reimburses Aetna for all benefit payments made on its behalf. (Burgos Dep. 19).

16. Mediacom's STD policy states that an employee's STD benefits will commence following seven (7) calendar days of continuous disability. (Riolo Aff. Ex. F, at pp. 85-87).

17. After the waiting period, a Mediacom employee is entitled to 66 2/3% of his or her regular weekly wage. (Riolo Aff. Ex F, at pp. 85-87).

18. Plaintiff's salary on her STD claim was $807.69. (Pl. Dep. 107; Riolo Aff. Ex. G).

19. Pursuant to Mediacom's STD policy, Plaintiff was entitled to receive $538.46 per week in STD benefits. (Riolo Aff. Ex. F, at pp. 85-87; Pl. Dep. 107).

---

[5] A true and correct of Plaintiff's Notice and Proof of Claim of Disability form, identified as Exhibit J in Plaintiff's deposition, is attached to the Riolo Aff. as Exhibit G.

20. Pursuant to Mediacom's STD policy, Plaintiff received $170.00 as required benefits under New York State Disability Law and should have received $368.46 from Aetna, totaling $538.46 per week in STD benefits. (Id.).

21. Other than the initial retroactive disability check, Plaintiff received a weekly check for disability benefits until she returned to work on August 7, 2006. (Pl. Dep. 109).

## V. DEFENDANT HIRED REGINA BURGOS FOR THE NEWLY-CREATED POSITION OF SENIOR PAYROLL MANAGER.

22. In or about June 2006, Mediacom reorganized its payroll department to achieve a higher efficiency level. (Burgos Dep. 39-40).

23. In June 2006, Defendant hired Ms. Regina Burgos, an experienced payroll executive, to the newly-created position of Senior Payroll Manager. (Burgos Dep. 39-40).

24. Ms. Burgos was hired because Defendant required a supervisor with experience running a payroll department. (Michulski Dep. 14).

25. The position of Senior Payroll Manager was posted prior to Plaintiff's leave. (Pl. Dep. 120).

26. Plaintiff did not apply for the Senior Payroll Manager position. (Pl. Dep. 120).

27. Upon her return to work, Plaintiff reported to Ms. Burgos. (Burgos Dep. 27).

28. Ms. Burgos was instructed that Plaintiff should be paid in full for any time she missed due to her cancer treatments. (Burgos Dep. 86-87).

## VI. PLAINTIFF'S PERFORMANCE AND JOB DUTIES AFTER HER RETURN FROM LEAVE.

29. After Plaintiff's return from leave, Ms. Burgos observed that Plaintiff's job performance did not meet her expectations and that Plaintiff did not have a thorough understanding of payroll tasks. (Burgos Dep. 34).

30. In order to more effectively utilize Plaintiff's skills, Mr. Michulski, who Plaintiff had previously reported to, suggested that her job duties be adjusted to enable her to assist him in coordinating Defendant's 401-k loan program. (Michulski Dep. 12).

31. In her new role, Plaintiff was responsible for processing and administering Mediacom's 401-k loan program and her salary, benefits, and title remained the same. (Michulski Dep. 12).

## VII. PLAINTIFF RECEIVED EXCESSIVE STD BENEFITS DURING HER LEAVE.

32. Ms. Burgos audits Mediacom's benefit payments as part of her job duties. (Burgos Dep. 20-24).

33. In or about October 2006, during her review of the Aetna statements, Ms. Burgos discovered that Plaintiff received excess STD payments during her leave. (Burgos Dep. 58).

34. Plaintiff received STD benefit payments in the net amount of $1,114.04 a week from July 5, 2006 to August 1, 2006. (Pl. Dep. 156-163; Riolo Aff. Ex. J).[6]

35. Plaintiff was only entitled to receive $368.46 per week in STD benefits from Aetna. (Riolo Aff. Ex. I).

---

[6] True and correct copies of Plaintiff's STD checks, identified as Exhibits M-S in Plaintiff's deposition, are collectively attached to the Riolo Aff. as Exhibit J.

36. Plaintiff received $3,978.16 in excess benefits during her STD leave. (Riolo Aff. Ex. I).[7]

37. Ms. Burgos reported Plaintiff's receipt of excess benefits to Judy Mills, the Director of Human Resources. (Burgos Dep. 58-59).

38. Ms. Mills instructed Steven Rubin, Mediacom's intermediary with Aetna, to contact Aetna to confirm Plaintiff's receipt of the excess benefits. (Mills Dep. 16).

39. Aetna provided Mediacom with copies of the checks Plaintiff received demonstrating Plaintiff's receipt of substantial overpayments in STD benefits. (Mills Dep. 39-40).

40. On November 15, 2006, Ms. Mills, Ms. Burgos, and Mr. Michulski met with Plaintiff regarding the monies she received while on disability leave. (Pl. Dep. 164).

41. Plaintiff admitted that when she received her second STD check she knew Aetna had miscalculated her disability payment. (Pl. Dep. 167).

42. At that meeting, Plaintiff stated she had contacted Aetna in June 2006, and she was informed that the benefit payment was correct. (Pl. Dep. 166-67).

43. Plaintiff did not inform her supervisor or any other Mediacom employee that she suspected she received excess STD payments at any time. (Pl. Dep. 167-68).

44. Aetna had no record of Plaintiff calling to inquire regarding her excess benefits. (Mills Dep. 49).

## VII. DEFENDANT TERMINATED PLAINTIFF'S EMPLOYMENT AS A RESULT OF HER CONDUCT.

45. On or about November 21, 2006, Ms. Mills attended a meeting with Ms. Italia Commisso-Weinand, Defendant's Senior Vice President of Human Resources, and Mr.

---

[7] A true and correct of Aetna's letter confirming Plaintiff's STD overpayment, identified as Exhibit T in Plaintiff's deposition, is attached to the Riolo Aff. as Exhibit I.

6

Paul Gillert, Defendant's Vice President of Human Resources, regarding Plaintiff's failure to inform any Mediacom employee about her STD overpayment. (Mills Dep. 50-51).

46. At that meeting, Ms. Mills, Ms. Commisso-Weinand and Mr. Gillert made the decision to terminate Plaintiff's employment for taking and failing to report her receipt of STD overpayments. (Mills Dep. 54).

Dated: May 9, 2008
      White Plains, New York

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
(914) 328-0541 (facsimile)

_____
Greg Riolo (GR 1634)
Michael A. Frankel (MF 9712)
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MIRIAM BAUZA,

                              Plaintiff,

          -against-                         07 Civ. 6542 (CLB)

MEDIACOM COMMUNICATIONS
CORPORATION,

                              Defendant.
-------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      A copy of the foregoing Local Rule 56.1 Statement was filed via ECF and was served via First Class mail, this 9th Day of May, 2008 on counsel for Plaintiff at the address below:

                            Craig M. Bonnist, Esq.
                            Bonnist & Cutro, LLP
                     31 Purchase Street, Suite 304
                          Rye, New York 10580

                                          _____
                                          Greg Riolo