UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway
White Plains, New York  10601
(914) 328-0404
 Greg Riolo (GR 1634)
 Michael A. Frankel (MF 9712)
*Attorneys for Defendant Mediacom Communications Corporation*

------------------------------------------------------------X
MIRIAM BAUZA,              :

       Plaintiff,       : Case No. 07 CIV. 6542 (CLB)

 - against -              :

MEDIACOM COMMUNICATIONS CORPORATION, :

   Defendant.            :
------------------------------------------------------------X

### DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL CIVIL RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS

Defendant Mediacom Communications Corporation (hereinafter referred to as "Defendant" or "Mediacom"), by and through its attorneys, Jackson Lewis LLP, respectfully submits this Response to Plaintiff's Local Civil Rule 56.1 Statement of Additional Material Facts (hereinafter referred to as "Plaintiff's 56.1").

  1. Admit.

  2. Admit.

  3. Admit.

  4. Admit.

  5. Admit.

  6. Admit.

7. Deny. Defendant objects to and requests the Court to strike from the record the conclusory allegations set forth in ¶ 7 which are made in reliance on inadmissible hearsay. In addition, the allegations set forth in ¶ 7 are immaterial to Defendant's entitlement to summary judgment because Plaintiff received STD benefits and was paid for all work days she missed as a result of her cancer treatment. (Pl. Dep. 101).[1]

8. Deny. Defendant objects to and requests the Court to strike from the record the conclusory allegations set forth in ¶ 8 which are made without citation to admissible evidence. Specifically, Plaintiff has not cited evidence indicating that the "big boss" discussed in ¶ 8 of Plaintiff's 56.1 is Rocco B. Commisso.

9. Admit.

10. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth in ¶ 10 which mischaracterize the testimony of Ms. Judy Mills. Ms. Mills testified in her deposition that the final decision to terminate Plaintiff was made at a meeting between Paul Gillert, Italia Commisso-Weinand and Judy Mills. (Mills Dep. 60).[2]

11. Deny. Defendant objects to and requests the Court to strike from the record the conclusory allegations set forth in ¶ 11 which are made in reliance on inadmissible hearsay. In addition, the allegations set forth in ¶ 11 are immaterial to Defendant's entitlement to summary judgment because Plaintiff received short term disability

---

[1] "Pl. Dep." refers to the transcript of Plaintiff's deposition conducted on March 19, 2008. Copies of all pages of transcript cited herein and in Defendant's Reply Memorandum of Law are attached to the Reply Affidavit of Greg Riolo (hereinafter referred to as "Riolo Reply Aff.") as Exhibit B.

[2] "Mills Dep." refers to the transcript of Judy Mills' deposition conducted on March 17, 2008. Copies of all pages of transcript cited herein and in Defendant's Reply Memorandum of Law are attached to the Riolo Reply Aff. as Exhibit C.

("STD") benefits and was paid for all work days she missed as a result of her cancer treatment. (Pl. Dep. 101).

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit, except Defendant denies knowledge or information sufficient to form a belief as to whether Plaintiff is currently undergoing chemotherapy.

23. Admit.

24. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth in ¶ 24 as they contradict Plaintiff's deposition testimony. In her deposition, Plaintiff testified that despite the fact that Aetna retains all of its phone records, there is no record of Plaintiff's purported call to Aetna to report her receipt of excess STD benefits. (Pl. Dep. 59). In addition, even assuming Plaintiff called Aetna, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

25. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth in ¶ 25 as they contradict Plaintiff's deposition testimony. In her deposition, Plaintiff testified that despite the fact that Aetna retains all of its phone records, there is no record of Plaintiff's purported call to Aetna to report her receipt of excess STD benefits. (Pl. Dep. 59). In addition, even assuming Plaintiff called Aetna, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

26. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth in ¶ 26 as they contradict Plaintiff's deposition testimony. In her deposition, Plaintiff testified that despite the fact that Aetna retains all of its phone records, there is no record of Plaintiff's purported call to Aetna to report her receipt of excess STD benefits. (Pl. Dep. 59). In addition, even assuming Plaintiff called Aetna, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

27. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth in ¶ 27 as they contradict Plaintiff's deposition testimony. In her deposition, Plaintiff testified that despite the fact that Aetna retains all of its phone records, there is no record of Plaintiff's purported call to Aetna to report her receipt of excess STD benefits. (Pl. Dep. 59). In addition, even assuming Plaintiff called Aetna, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

28. Admit. However, Mr. Michulski testified that although he may have spoken to Plaintiff during her leave period, he did not receive any messages from Plaintiff.

(Michulski Dep. 21-22).[3] In addition, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

29. Deny. Plaintiff was unable to fulfill the essential functions of her job as payroll supervisor as Plaintiff did not meet the expectations of her supervisor, Ms. Regina Burgos. (Burgos Dep. 34).[4]

30. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

31. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

32. Admit. However, Plaintiff's allegations and opinion fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

33. Admit. However, Plaintiff's allegations and opinion fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

34. Admit. However, Plaintiff's allegations and opinion fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

35. Admit. However, Plaintiff's allegations and opinion fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

36. Admit. However, the reorganization of the payroll department and the creation of the new position "Payroll Supervisor" were both planned prior to Plaintiff's leave.

---

[3] "Michulski Dep." refers to the transcript of Joe Michulski's deposition conducted on March 17, 2008. Copies of all pages of transcript cited herein and in Defendant's Reply Memorandum of Law are attached to the Riolo Reply Aff. as Exhibit D.

[4] "Burgos Dep." refers to the transcript of Regina Burgos's deposition conducted on March 17, 2008. Copies of all pages of transcript cited herein and in Defendant's Reply Memorandum of Law are attached to the Riolo Reply Aff. as Exhibit E.

(Michulski Dep. 13-14). Further, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

37. Admit. However, the reorganization of the payroll department and the creation of the new position "Payroll Supervisor" were both planned prior to Plaintiff's leave. (Michulski Dep. 13-14). Further, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

38. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth in ¶ 38 as they are conclusory, argumentative, and not supported by admissible evidence.

39. Admit.

40. Admit.

41. Admit.

42. Deny. Defendant objects to and requests the Court to strike from the record the allegation set forth in ¶ 42 regarding Ms. Burgos' "bad tone," as the allegation is conclusory, self-serving and not based on admissible evidence.

43. Admit.

44. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's mischaracterization of Ms. Burgos' testimony. Ms. Burgos testified that she did not understand Plaintiff's decision to report to work for only one hour prior to her appointment. (Burgos Dep. 83). Ms. Burgos further testified that she believed that if she were going to work for one hour before her own chemotherapy session she would be stressed. (Burgos Dep. 83).

45. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

46. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's unsupported allegations and mischaracterization of her deposition testimony set forth in ¶ 46.

47. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth in ¶ 47 as they mischaracterize Ms. Mills' testimony regarding her actions in response to Plaintiff's complaints. Ms. Mills testified she did not believe that Plaintiff complained that Ms. Burgos had accused her of abusing company time. (Mills Dep. 67-68).

48. Defendant admits Plaintiff was paid for all work days she missed as a result of her cancer treatment. (Pl. Dep. 101). Defendant objects to and requests the Court to strike from the record Plaintiff's conclusory and unsupported allegations set forth in ¶ 48 regarding Ms. Burgos' purported harassing treatment of Plaintiff.

49. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's unsupported and conclusory allegations set forth in ¶ 49. In order to more effectively utilize Plaintiff's skills, Mr. Michulski, to whom Plaintiff previously reported, suggested that her job duties be adjusted to enable her to assist him in coordinating Mediacom's 401-k loan program. (Michulski Dep. 12). Plaintiff was responsible for processing and administering Mediacom's 401-k loan program. Her salary, benefits, and title remained the same. (Michulski Dep. 12).

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

55. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

56. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

57. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

58. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

59. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

60. Admit. However, Plaintiff admitted that she knew Aetna had miscalculated her disability benefits and Plaintiff admittedly never informed her supervisor or any other Mediacom employee that received excess STD payments. (Pl. Dep. 167-168). Accordingly, Plaintiff's allegations in ¶ 60 fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

61. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

62. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment. In addition,

Defendant's Employee Handbook provides that an employee who commits theft is subject to immediate termination. (Riolo Reply Aff. Ex. F, at p. 30).[5]

63. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

64. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

65. Deny. Defendant objects to and requests the Court to strike from the record the conclusory allegations set forth in ¶ 65 as they mischaracterize Ms. Mills' testimony. Ms. Mills testified that she did not have to consider whether Plaintiff's illness contributed to her failure to follow up regarding her STD overpayments because Plaintiff admitted that she knew she had received STD overpayments. (Mills Dep. 58-59).

66. Admit.

67. Admit. In addition, or about November 21, 2006, Ms. Mills attended a meeting with Ms. Italia Commisso-Weinand, Defendant's Senior Vice President of Human Resources, and Mr. Paul Gillert, Defendant's Vice President of Human Resources, regarding Plaintiff's failure to inform any Mediacom employee about her STD overpayment. (Mills Dep. 50-51). At that meeting, Ms. Mills, Ms. Commisso-Weinand and Mr. Gillert made the decision to terminate Plaintiff's employment for taking and failing to report her receipt of STD overpayments. (Mills Dep. 53-54, 60).

---

[5] A true and correct copy of the relevant pages of Mediacom's Employee Handbook, identified as Exhibit F in Plaintiff's deposition, is attached to the Riolo Reply Aff. as Exhibit F.

68. Deny. Defendant objects to and requests the Court to strike from the record the allegations set forth ¶ 68 as they mischaracterize the record testimony. Ms. Mills testified that she did not recall a discussion of any other disciplinary action against Plaintiff. (Mills Dep. 60-61).

69. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 69 as they fail to raise an issue of material fact and mischaracterize Ms. Mills' testimony. Ms. Mills testified that Mediacom's discipline allows for immediate termination for certain infractions. (Mills Dep. 12).

70. Deny. Defendant objects to and requests the Court to strike from the record the allegations in ¶ 70 as they fail to raise an issue of material fact. Plaintiff was not similarly situated to other employees who received STD overpayments.

71. Admit.

72. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 72 as they are not supported by the record evidence.

73. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

74. Admit. However, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

75. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 75 as they mischaracterize the record evidence. Ms. Burgos testified that she did know whether Ms. Falto actually worked the overtime hours from home that she submitted on her time sheets. Ms. Burgos also did not

believe that Ms. Falto needed to work overtime to complete her work assignments. (Burgos Dep. 50).

76. Admit.

77. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 77 as they mischaracterize the record evidence. Ms. Mills testified she would be very concerned if an employee "[put] in to get paid for time that they didn't work." (Mills Dep. 77).

78. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 78 as they mischaracterize the record evidence. Ms. Mills testified that no disciplinary action was taken against Ms. Falto because she did not know whether Ms. Falto was putting in to get paid for overtime for hours she may not have actually worked. (Mills Dep. 77).

79. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 79 as they mischaracterize the record evidence. Mr. Michulski testified that a couple of times Aetna notified him of errors in making disability payments to employees. (Michulski Dep. 16). In addition, Ms. Mills testified that the amounts of the overpayments were minimal and the employees held different positions than Plaintiff. (Mills Dep. 71).

80. Defendant neither admits nor denies Plaintiff's allegations contained in ¶ 80 as the allegations are not material issues of fact to be tried. Regardless, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

81. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 81 as they constitute inadmissible hearsay and are not supported by the record evidence. In addition, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

82. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 82 as they constitute inadmissible hearsay and are not supported by the record evidence. In addition, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

83. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 83 as they constitute inadmissible hearsay and are not supported by the record evidence. In addition, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

84. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 84 as they constitute inadmissible hearsay and are not supported by the record evidence. In addition, Plaintiff's allegations fail to raise a genuine issue of material fact capable of defeating Defendant's Motion for Summary Judgment.

85. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 85 as they mischaracterize the record evidence. Ms. Mills testified that she did not know of any disciplinary action taken against the two

employees to whom Mr. Michulski believed Aetna had made overpayments. Ms. Mills further testified that the amounts of the overpayments were minimal and the employees held different positions than Plaintiff. (Mills Dep. 71-73).

86. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 86 as they mischaracterize the record evidence. Ms. Mills testified that she did not know of any disciplinary action taken against the two employees to whom Mr. Michulski believed Aetna had made overpayments. Ms. Mills further testified that the amounts of the overpayments were minimal and the employees held different positions than Plaintiff. (Mills Dep. 71-73).

87. Deny. Defendant objects to and requests the Court to strike from the record Plaintiff's allegations in ¶ 87 as they mischaracterize the record evidence. Ms. Mills testified that she did not know of any disciplinary action taken against the two employees to whom Mr. Michulski believed Aetna had made overpayments. Ms. Mills further testified that the amounts of the overpayments were minimal and the employees held different positions than Plaintiff. (Mills Dep. 71-73).

    Respectfully submitted,

    JACKSON LEWIS LLP
    One North Broadway
    White Plains, New York 10601

    _____
    Greg Riolo (GR 1634)
    Michael A. Frankel (MF 9712)

    ATTORNEYS FOR DEFENDANT
    MEDIACOM COMMUNICATIONS
    CORPORATION

Dated: White Plains, New York
       July 3, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
MIRIAM BAUZA,                                   :
                                                :
                        Plaintiff,              : Case No. 07 CIV. 6542 (CLB)
                                                :
    - against -                                 :
                                                :
MEDIACOM COMMUNICATIONS CORPORATION, :
                                                :
            Defendant.                          :
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

A copy of the foregoing Response to Plaintiff's Local Civil Rule 56.1 Statement of Additional Material Facts was filed via ECF and was served via First Class mail, this 3rd day of July, 2008 on counsel for Plaintiff at the address below:

>Craig M. Bonnist, Esq.
>Bonnist & Cutro, LLP
>31 Purchase Street, Suite 3-1
>Rye, New York 10580
>*Attorneys for Plaintiff*

_____
Greg Riolo

14